UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS SCOTT,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 16-CV-4274 |
| ALICE ORR,<br>    Defendant. | )<br>)<br>) | |

## OPINION

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.[3] The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

1

The Plaintiff has identified one Defendant: Nurse Alice Ore.  Although Plaintiff's complaint is somewhat difficult to decipher, he clearly focuses on problems with his dialysis treatment.  Plaintiff has filed 35 cases in the Central District of Illinois and 28 of those cases alleging deliberate indifference to a serious medical condition based on dissatisfaction with his dialysis treatment or allege some interference with his dialysis treatment. *See Scott v Smith*, 13-3157 (del. ind. on March 25, 2013); *Scott v Goddard*, 14-3309, November 2, 2015 Order (consolidating 21 cases encompassing alleged conduct from March 2013 to August 2015 including *Scott v. Cobb*, No.14-3182; *Scott v. Lucas*, No. 14-3202; *Scott v. Ore*, No. 14-3271; *Scott v. Taylor*, No. 14-CV-3279; *Scott v. Goddard*, No. 14-CV-3309; *Scott v. Ore*, No. 14-CV-3310; *Scott v. Sullivan*, No. 14-CV-3377; *Scott v. Ore,* No. 14-CV-3398; *Scott v. Sullivan*, No. 14-CV-3400; *Scott v. Wallace,* No. 14-CV-3403; *Scott v. Walker*, No. 14-CV-3404; *Scott v. Bednarz,* No. 14-CV-3405; *Scott v. Lochard*, No. 15-CV-3001; *Scott v. Kerr*, No. 15-CV-3004; *Scott v. Ore*, No. 15-CV-3009; *Scott v. Cleavinger*, No. 15-CV-3017; *Scott v. Kulhan,* No. 15-CV -3023; *Scott v. Lay*, No. 15-CV-3116; *Scott v. Ore*, No. 15-CV-4068; *Scott v. Ore*, No. 15-CV-4111; *Scott v. Ore*, No. 15-CV-4130); *Scott v. Chardonnay Dialysis*, No. 15-CV-3080 (duplicative); *Scott v. Orr,* No. 15-CV-4143 (del. ind.); *Scott v. Orr,* No. 15-CV-4149 (del. ind.); *Scott v. Thurman*, No. 16-CV-4031(del. ind.); *Scott v. Hougas,* No. 16-CV-4035 (prevented from receiving dialysis; *see also Scott v. Scott*, No. 13-CV-3250 (living conditions); *Scott v. Scott*, No. 14-CV-3229 (slip and fall); *Scott v. Shelton,* No. 14-CV-3297 (retaliation); *Scott v. Scott*, No. 14-CV-3336 (retaliation); *Scott v. Wilks,* No. 15-CV-4121(retaliation); *Scott v. Cal,* No. 16-CV-4181(dismissed); *Scott v. Morton,* No. 16-CV-4182 (slip and fall).

Plaintiff provides some background in his current complaint concerning his need of dialysis including issues which occurred in 2011 through 2014. If Plaintiff was intending to state any claims based on events during this time period, his claim is barred. First, the claims would be barred by the two year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Second, the Court previously consolidated 20 of Plaintiff's cases and he was directed to file an amended complaint that "include[d] all allegations against all defendants for claims involving the denial of dialysis treatment and retaliation for exercising First Amendment rights for the time period from March 2013 through August of 2015." *Scott v Goddard*, 14-3309, November 2, 2015 Order, p. 3.[1]

However, it appears the focus of Plaintiff's complaint involves events which occurred on January 9, 2015. Plaintiff says he was scheduled for dialysis for four and a half hours on Monday, Wednesday and Friday. However, on January 9, 2015, Plaintiff was also scheduled for a follow-up appointment after eye surgery. When a Captain called Defendant Nurse Ore to inquire whether she could begin dialysis earlier, Defendant Orr said she could not. The nurse stated she had eight patients scheduled and one patient could not be scheduled with Plaintiff since Plaintiff has Hepatitis B. Plaintiff disputes the reasons provided by Defendant Nurse Orr. It's not entirely clear

---

[1] Plaintiff was also advised he could still file a lawsuit concerning events which occurred *after* August of 2015. *Scott v Goddard*, 14-3309, December 4, 2015 Text Order.

3

from the complaint, but it appears Plaintiff may have gone to the eye doctor and consequently he had to wait until the following scheduled day for dialysis. Plaintiff claims the delay could have caused serious injury or death, but he does not allege any injury took place.

Plaintiff has not clearly articulated a constitutional violation based on either his disagreement with scheduling or a short delay in receiving dialysis that did not result in any alleged harm. More important, the Plaintiff has again tried to circumvent the Court's previous ruling. Plaintiff was clearly admonished that any claims alleging Defendants inferred with his right to dialysis which took place between March 2013 through August of 2015 had to be included in his amended complaint in *Scott v Goddard*, 14-3309. Plaintiff clearly knew about the allegations in the case at bar in January of 2015, long before he filed his amended complaint in *Scott v Goddard*, 14-3309 on December 31, 2015. [48] Because Plaintiff violated the Court's order to include all claims in his amended complaint, he has forfeited his right to pursue his claim in this case.

The Court further notes Plaintiff has repeatedly ignored the Court's order in *Scott v Goddard*, 14-3309. Plaintiff has attempted to file duplicative lawsuits or lawsuits including claims which clearly should have been included in his amended complaint. *See Scott v. Thurman*, No. 16-CV-4031(July 27, 2016 dismissal order); *Scott v. Chardonnay Dialysis*, No. 15-CV-3080 (August 7, 2015 text order); *Scott v. Orr,* No. 15-CV-4149 (July 27, 2016 dismissal order). The Seventh Circuit has made clear that duplicative litigation need not be tolerated.

The irrationality of tolerating duplicative litigation in the federal system is

4

all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 224 (7th Cir.1993) *quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 572 F.Supp. 1210, 1213 (N.D.Ill.1983).

Furthermore, a case proceeding in forma pauperis may be dismissed if the suit is malicious, and courts have found repetitive filings may meet this standard. *See* 28 U.S.C. § 1915(d)(2); *see also Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir.2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993) (holding that it is malicious for a plaintiff to file a lawsuit under the *in forma pauperis* statute that duplicates allegations of another pending lawsuit); *Bussie v. Attorney General*, 2013 WL 3934179, at *2 (W.D.Wis. July 30, 2013)("Repetitive allegations.of the sort made by (Plaintiff) are considered malicious and are grounds for dismissal under the PLRA.").

Therefore, Plaintiff's complaint is dismissed with prejudice.  In addition, Plaintiff is admonished he will face sanctions if he continues to file: 1) complaints repeating claims previous filed; 2) complaints concerning either an interference or denial of his dialysis between March 2013 and August of 2015; or 3) complaints alleging retaliation based on events that took place between March of 2013 through August of 2015.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice for failure to comply with the Court's order in *Scott v Goddard*, 14-3309, and as malicious and for failure to state

a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(d). All pending motions are denied as moot.

2) Plaintiff is admonished if he continues to file complaints in violation of this order and the November 2, 2015 Order in *Scott v Goddard*, 14-3309, he will face sanctions.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Entered this 3rd day of April, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE